Theodore P. Witthoft (State Bar Id No. 021632)
Sara R. Witthoft (State Bar Id No. 023521)
**WITTHOFT DERKSEN, P.C.**
3550 North Central Avenue, Suite 1006
Phoenix, Arizona 85012
Telephone: (602) 680-7332
Facsimile: (602) 357-7476
Email: twitthoft@wdlawpc.com
Email: switthoft@wdlawpc.com

Attorneys for Chapter 7 Trustee, David A. Birdsell

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re:<br><br>HAL C. CARRINGTON,<br><br>Debtor. | Chapter 7<br><br>Case No. 2:04-bk-16232-DPC<br><br>**TRUSTEE'S MOTION:**<br><br>**(1) TO APPROVE SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019(a); AND**<br><br>**(2) TO AUTHORIZE PAYMENT OF ATTORNEY FEES AND COSTS OF SPECIAL COUNSEL** |

    The chapter 7 trustee, David A. Birdsell ("Trustee"), by and through his attorneys, Witthoft Derksen, P.C., hereby submits his *Trustee's Motion: (1) To Approve the Settlement of Claim, Pursuant to Bankruptcy Rule 9019; and (2) To Authorize Payment of Special Counsel Fees and Costs* ("Motion"). Through his attorneys, Asim M. Badaruzzaman, Esq. ("Mr. Badaruzzaman"), of Seeger Weiss LLP, and Deborah S. Kerr, Esq. ("Ms. Kerr"), of Goldberg & Osborne LLP, ("Special Counsel"), the Trustee proposes a settlement with a confidential

pharmaceutical manufacturer[1], to be kept confidential, including the party agreeing to pay the settlement to the estate, relating to certain prepetition claims of Hal C. Carrington, which claims became property of the estate upon the filing of the voluntary bankruptcy petition by Hal C. Carrington ("Debtor"). The Trustee asserts that approval of the settlement is in the best interests of the bankruptcy estate.

Approval of the Motion will allow the bankruptcy estate to settle the Claim (defined below) for the proposed gross settlement amount of $139,776.55, subject to deductions for certain fees, expenses and costs under the terms of the settlement, for the benefit of creditors of this estate and will further save the estate the expense, inconvenience, and delay of litigation.

This Motion is supported by the following Memorandum of Points and Authorities, the attached exhibits and the entire record before the Court, all of which are incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES
## BACKGROUND

1. The Debtor filed his voluntary chapter 7 bankruptcy petition on September 14, 2004 ("Petition Date").

2. Mr. Birdsell is the duly appointed chapter 7 trustee of this bankruptcy case.

3. Prior to the Petition Date, Debtor Hal C. Carrington asserts that he was injured and had a pharmaceutical claim against the product manufacturer (the "Claim"). The Debtor did not disclose the Claim on his bankruptcy schedules.

4. The Debtor did not claim an exemption in the recovery of the Claim. The Debtor is not entitled to an exemption in the Claim or recovery.

---

[1] The terms of the settlement are highly confidential.

5.  The Claim arose prior to the Petition Date, and therefore, is property of the bankruptcy estate pursuant to 11 U.S.C. § 541. *See e.g., Sierra Switchboard Co. v. Westinghouse Electric Corp.* 789 F.2d 705, 707 (9th Cir. 1986).

6.  The Trustee retained Special Counsel to represent the Trustee in pursuing the Claim on behalf of the estate, pursuant to the *Order Approving Employment of Special Counsel for the Trustee* ("Employment Order") entered June 12, 2017. Special Counsel agreed to represent the Trustee in connection with the Claim on a contingency fee basis of thirty-three and one-third percent (33 1/3%) of the gross settlement allocation amount after subtracting costs ("Net Settlement Award").

7.  The settlement funds for the aggregate settlement have been deposited in a settlement trust, which includes the funds for the Claim. The trust has been approved as a Qualified Settlement Fund (a "QSF") within the meaning of section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation sections 1.468B-1, et seq. by the District Court, Western District of Louisiana, LaFayette Division (the "Settlement Court"). The Settlement Court retains continuing jurisdiction over the QSF, including all payments from the settlement trust. The Trustee of the trust (the "Settlement Fund Trustee") has been approved to oversee the distribution of funds from the trust and all payments from the trust shall be made by the Settlement Fund Trustee.

8.  The Debtor was placed in a category of the settlement options based on his previous medical treatments and procedures. To ensure the Debtor's privacy, and to adhere to the confidentiality provisions of the settlement, none of the Debtor's information regarding these various medical issues, or non-issues, has been disclosed.

9.  The primary focus for the Debtor's specific category is based on the documented evidence of one or more surgeries and treatments that, allegedly, can be related to the alleged defects in the product at issue.

**TERMS AND CONDITIONS OF SETTLEMENT AND DISTRIBUTION**

10. In full and final settlement of all issues relating to the Claim, including all pain and suffering claims, the product manufacturer has made a proposed settlement offer to settle the Claim for the gross settlement allocation amount of $139,776.55 ("Gross Settlement Award").

11. There is a MDL Court ordered common benefit assessment ("MDL Fee"), requiring 10.6% of the Gross Settlement Award to be paid to the applicable MDL fund for common benefit fees and costs. The MDL Fee is a standard fee imposed on settling claimants in the national pharmaceutical litigation. The MDL Fee will be recovered as a 2% reduction from the Debtor's share of the Net Settlement Award and an 8.6% reduction from Special Counsel's fees. The MDL Fee ($14,816.31) automatically reduces the Gross Settlement Award.

12. Special Counsel's fees total $45,366.84[2], before the 8.6% MDL Fee deduction ($12,020.78), and Special Counsel also seeks to recover $3,674.68 for out of pocket expenses.

13. Under the terms of the settlement, there is a mandatory lien holdback from the Gross Settlement Award ("Lien Holdback") for any medical liens held by insurance companies and/or Medicare. Therefore, $47,989.94 of the Gross Settlement Award shall be held back in trust. Once the medical lien reimbursement amount ("Lien Reimbursement") is finalized, the amount of the Lien Reimbursement, if any, shall be paid from the Lien Holdback by the Settlement Fund Trustee.

14. Under the terms of the settlement, there is a mandatory medical lien resolution fee of $750.00 for Garretson Resolution Group, the lien resolution administrator who was appointed

---

[2] Pursuant to the Employment Application, even though thirty-three and one-third percent (33 1/3%) of the gross amount will be shared as follows: 60% to Seeger Weiss LLP and 40% to Goldberg & Osborne LLP, the Trustee will request authority to pay, and will only pay, Seeger Weiss, LLP the full amount of all attorneys' fees and costs in this case. Seeger Weiss, LLP, is responsible for any and all payments due to Goldberg & Osborne LLP based on any agreement between those parties.

to identify and resolve lien obligations, that will be paid by the Settlement Fund Trustee ("Lien Resolution Fee").

15. The balance of the Gross Settlement Award, including the balance of the Lien Holdback after payment of the Lien Reimbursement, if any, shall be paid to the Trustee for the benefit of the Debtor's bankruptcy estate.

16. From the Gross Settlement Award, upon approval by the Settlement Court and the Release (defined below) becoming effective in accordance with its terms, the Settlement Fund Trustee shall pay the following amounts:

   a. Directly to the MDL fund the sum of $14,816.31 for the MDL Fee, which shall be withheld from the recovery;

   b. $750.00[3] for the Lien Resolution Fee to Garretson Resolution Group, which shall be withheld from the recovery; and

   c. Subject to the terms of the settlement being satisfied, the balance of the remaining settlement proceeds, after the Settlement Fund Trustee pays and/or withholds necessary expenses, fees, costs, Lien Reimbursement and deductions from the Gross Settlement Award (other than attorney fees and costs) as set forth above, which balance (inclusive of attorney fees and costs) is anticipated to be in the amount of $76,220.30, may be disbursed by the Settlement Fund Trustee to the Trustee for the benefit of the Debtor's bankruptcy estate ("Settlement Funds").

17. From the Settlement Funds received by the Trustee from the Settlement Fund Trustee, the Trustee shall pay Special Counsel's fees in the amount of $33,346.06 and costs of $2,924.68[4].

---

[3] The Lien Resolution Fee is included in Special Counsel's expenses for the purpose of calculating the Net Settlement Award.
[4] The Special Counsel's fees and costs to be paid by the Trustee are calculated after deduction of the 8.6% MDL Fee and $750.00 Lien Resolution Fee, respectively.

18. After payment of Special Counsel's fees and costs, the remaining balance of the Settlement Funds shall be held by the Trustee for the benefit of the bankruptcy estate.

19. The Trustee has reviewed the Maricopa County Recorder's records and determined that there are no valid medical liens recorded against the Gross Settlement Award in Maricopa County.

20. Any check paid by the Settlement Fund Trustee to the Trustee under the terms of the settlement shall be made payable to "David A. Birdsell, Chapter 7 Trustee" and delivered to Witthoft Derksen, P.C., c/o Theodore P. Witthoft, 3550 N. Central Ave., Ste. 1006, Phoenix, Arizona 85012.

21. The Trustee, on behalf of itself and the bankruptcy estate, and the Debtor, are authorized to enter into, execute and deliver any and all release documentation required by defendants and any other documents or instruments, if any, reasonably necessary or appropriate in order to effectuate the release of claims (the "Release"), and that upon the Release becoming effective in accordance with its terms, all persons and entities, including, without limitation, the Trustee, the bankruptcy estate, the Debtor, and any person or entity claiming, or who could claim, by, through or on behalf of the Trustee, the bankruptcy estate and/or the Debtor, shall be and hereby are deemed to have released all claims and are permanently enjoined from asserting or prosecuting any claims related to or arising from the Claim.

22. The settlement set forth in this Motion is subject to Bankruptcy Court approval, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure.

**LEGAL ANALYSIS**

23. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that, after notice and a hearing, the court may approve a compromise or settlement.

24. In evaluating a compromise or settlement, the Ninth Circuit requires that this Court consider the following: (a) the probability of success in the pending litigation; (b) difficulties of collection; (c) the complexity of the litigation; (d) the expense, inconvenience and

delay of the litigation; and (e) the best interests of creditors. *In re Woodson*, 839 F.2d 610, 620 (9th Cir. 1988). *See also In re Schmitt*, 215 B.R. 417, 420 (9th Cir. B.A.P. 1997) (the bankruptcy court's decision to approve a settlement should not be overturned as an abuse of discretion unless it leads to a result that is "neither in the best interests of the estate nor fair and equitable for the creditors."); and *In re America West Airlines, Inc.*, 214 B.R. 382, 386 (Bankr.D.Ariz. 1997) ("the law favors compromise").

25. Based on the advice of Special Counsel, the Trustee believes that the settlement as set forth in this Motion is in the best interests of the estate. Supporting the claims of the Debtor at trial would require extensive and costly discovery, including hiring highly trained expert witnesses from multiple medical and scientific specialties. Additionally, the litigation is vigorously defended by competent counsel, and the outcome of the litigation if taken to trial is uncertain. There is currently no trial date set for the litigation and it is unlikely that the litigation will be scheduled for trial in the near future. Thus, the settlement set forth in this Motion will resolve the Claim and bring the remaining proceeds of the settlement of the Claim, after the payment of the fees, costs and expenses and withholdings set forth above into the estate without further costs or risks of litigation, thereby maximizing the return to the estate and its creditors.

26. Pursuant to Local Bankruptcy Rule 9013-1, the Trustee requests that the Court utilize a "negative notice" procedure in which interested parties have a twenty-one (21) day period to file objections to this Motion. If no objections are filed, the Trustee would then be authorized to lodge an order approving this Motion. If an objection is filed, the Trustee will request a hearing be held before the Court.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order approving the motion upon utilization of a "negative notice" procedure in which interested parties have a twenty-one (21) day period to file objections. The Trustee further requests the Court authorize the Settlement Fund Trustee to disburse the Gross Settlement Award of $139,776.55, subject to

deductions and holdbacks for costs, Lien Holdback, fees and expenses, including, without limitation, the $14,816.31 MDL Fee, the $750.00 Lien Resolution Fee, and the $47,989.94 Lien Holdback, all as set forth in in this Motion, and, the Settlement Fund Trustee be authorized to thereafter to disburse to the Trustee the remaining proceeds, anticipated to be in the amount of $76,220.30 (inclusive of Special Counsel fees of $33,346.06 and expenses of $2,924.68); authorize the Trustee to pay Special Counsel its fees and expenses from the funds received by the Trustee from the Settlement Fund Trustee; authorize the release and waiver of any interest in or any claims or rights the Debtor, the Trustee and/or the bankruptcy estate may or could have regarding, arising from or related to the Claim; and authorize the Trustee and the Debtor to execute and deliver any and all documents necessary to effectuate a full release, waiver and settlement of the claims, including, but not limited to, executing the Release and settlement statements, and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 20th day of September, 2017.

**WITTHOFT DERKSEN, P.C.**

By:/s/ Sara R. Witthoft          #023521
    Theodore P. Witthoft
    Sara R. Witthoft
    Attorneys for David A. Birdsell, Trustee

**APPROVED AS TO FORM AND CONTENT BY:**

| **SEEGER WEISS L.L.P.** | **GOLDBERG & OSBORNE, LLP** |
|---|---|
| By: /s/ Asim M. Badaruzzam (w/permission) | By: /s Deborah S. Kerr (w/permission) |
|    Asim M. Badaruzzaman, Esq. |    Deborah S. Kerr, Esq. |
|    Special Counsel |    Special Counsel |

Copy of the foregoing *e-mailed/mailed
this 20th day of September, 2017, to:

*Larry Watson
United States Trustee's Office
230 North First Avenue, Suite 204
Phoenix, Arizona 85003-1706
Larry.Watson@usdoj.gov

*David A. Birdsell
216 North Center
Mesa, Arizona 85201
Chapter 7 Trustee
ecf@azbktrustee.com

Hal C. Carrington
538 S. Ellsworth Rd.
Mesa, Arizona 85208
Debtor

*Robert Teague
Phillips & Associates
20 E. Thomas Rd., #2600
Phoenix, Arizona 85012
Attorney for Debtor

*Robert Teague
Teague Law Firm
3101 N. Central Ave., Ste. 100
Phoenix, Arizona 85012-2646
Attorney for Debtor
rteague@mylawyeraz.com

*Asim M. Badaruzzaman, Esq.
*Humaira S. Safdar, Esq.
Seeger Weiss LLP
550 Broad St., Ste. 920
Newark, NJ 07102
Special Counsel
*abadaruzzaman@seegerweiss.com
*hsafdar@seegerweiss.com

Deborah S. Kerr, Esq.
Goldberg & Osborne, LLP
915 W. Camelback Road
Phoenix, Arizona 85013
Special Counsel

/s/ Trish Hines