1  Theodore P. Witthoft (State Bar I.D. No. 021632)
   Sara R. Witthoft (State Bar I.D. No. 023521)
2  **WITTHOFT DERKSEN, P.C.**
   3550 North Central Avenue, Suite 1006
3  Phoenix, Arizona 85012
   Telephone: (602) 680-7332
4  Facsimile: (602) 357-7476
   Email: twitthoft@wdlawpc.com
5  Email: switthoft@wdlawpc.com

6  Attorneys for Trustee, David A. Birdsell

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| In re: | ) Chapter 7 |
|---|---|
| | ) |
| | ) Case No. 2:04-bk-16232-DPC |
| HAL C. CARRINGTON, | ) |
| | ) |
| Debtor. | ) **NOTICE OF LODGING PROPOSED** |
| | ) **ORDER APPROVING TRUSTEE'S** |
| | ) **MOTION: (1) TO APPROVE** |
| | ) **SETTLEMENT PURSUANT TO** |
| | ) **BANKRUPTCY RULE 9019(a); AND** |
| | ) **(2) TO AUTHORIZE PAYMENT OF** |
| | ) **ATTORNEY FEES AND COSTS OF** |
| | ) **SPECIAL COUNSEL** |

NOTICE IS HEREBY GIVEN, pursuant to Local Bankruptcy Rule 9022-1(b), that the chapter 7 trustee, David A. Birdsell, by and through his undersigned counsel, has lodged with the Court his form of *Order Approving Trustee's Motion: (1) To Approve the Settlement of Claim, Pursuant to Bankruptcy Rule 9019; and (2) To Authorize Payment of Special Counsel*

*Fees and Costs* ("Order"). The form of Order is attached hereto and incorporated herein by this reference.

    Respectfully submitted.     **WITTHOFT DERKSEN, P.C.**

By:/s/ Sara R. Witthoft     #023521
    Theodore P. Witthoft
    Sara R. Witthoft
    Attorneys for David A. Birdsell, Trustee

Theodore P. Witthoft (State Bar I.D. No. 021632)
Sara R. Witthoft (State Bar I.D. No. 023521)
**WITTHOFT DERKSEN, P.C.**
3550 North Central Avenue, Suite 1006
Phoenix, Arizona 85012
Telephone: (602) 680-7332
Facsimile: (602) 357-7476
Email: twitthoft@wdlawpc.com
Email: switthoft@wdlawpc.com

Attorneys for Trustee, David A. Birdsell

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| HAL C. CARRINGTON, | Case No. 2:04-bk-16232-DPC |
| Debtor. | **ORDER APPROVING TRUSTEE'S MOTION:** |
| | **(1) TO APPROVE SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019(a); AND** |
| | **(2) TO AUTHORIZE PAYMENT OF ATTORNEY FEES AND COSTS OF SPECIAL COUNSEL** |

This matter having come before the Court on the *Trustee's Motion: (1) To Approve Settlement Pursuant to Bankruptcy Rule 9019; and (2) To Authorize Payment of Special Counsel Fees and Costs* ("Motion") filed by the Chapter 7 trustee, David A. Birdsell ("Trustee"), by and through his attorneys, Witthoft Derksen, P.C., on September 20, 2017 at Docket No. 42; the Motion having been properly noticed as evidenced by the *Certificate of Mailing* on file with the Court at Docket No. 44; there having been no objection to the Motion filed with the Court; and good cause appearing therefor,

IT IS HEREBY ORDERED as follows:

A. The settlement described in the Motion shall be, and hereby is, granted and approved in all respects, for the gross settlement allocation amount of $139,776.55 ("Gross Settlement Award") with respect to the Claim (as defined in the Motion) is in the best interests of the estate.

B. $14,816.31 (the "Mandatory Deduction") shall be withheld from the Gross Settlement Award for the MDL Fee (as described in the Motion). The Settlement Fund Trustee (as defined and provided for in the Motion) shall pay the $14,816.31 MDL Fee to the applicable MDL fund.

C. $750.00 shall be withheld from the Gross Settlement Award by the Settlement Fund Trustee to pay the Lien Resolution Fee to Garretson Resolution Group.

D. $47,989.94 of the Gross Settlement Award shall be held back in trust as a mandatory lien holdback ("Lien Holdback") until any medical liens held by insurance companies and/or Medicare are finalized. Once the medical liens are finalized, the amount of the liens, if any, shall be paid by the Settlement Fund Trustee from the Lien Holdback. The balance of the Lien Holdback, after payment of the liens, if any, shall be paid to the Trustee for the benefit of the bankruptcy estate.

E. Upon the terms of the Settlement being satisfied, the balance of the settlement proceeds, anticipated to be $76,220.30 (the "Settlement Funds"), inclusive of Special Counsel's fees of $33,346.06 and expenses of $2,924.68, calculated after deduction of Special Counsel's share of the MDL Fee and Lien Resolution Fee (as defined in the Motion), shall be paid by the Settlement Fund Trustee to the Trustee in the form of a check in good funds made payable to "David A. Birdsell, Trustee" and delivered to Witthoft Derksen, P.C., c/o Theodore P. Witthoft, 3550 N. Central Ave., Ste. 1006, Phoenix, Arizona 85012. From the Settlement Funds, the Trustee shall be responsible for paying Special Counsel its fees and expenses in accordance with the terms of the Motion.

F. The Gross Settlement Award is unencumbered property of the bankruptcy estate, pursuant to 11 U.S.C. § 541, free and clear of all liens, claims and interests, except for the Mandatory Deduction and any other deductions or expenses required to be paid and/or withheld from the settlement by the Settlement Fund Trustee under the terms of the settlement documents (which required deduction includes attorney fees and costs). The Trustee, on behalf of itself and the bankruptcy estate, and the Debtor are authorized to enter into, execute and deliver any and all release documentation required by defendants and any other documents or instruments, if any, necessary or appropriate in order to effectuate the release of claims (the "Release"), and that upon the Release becoming effective in accordance with its terms, all persons and entities, including, without limitation, the Trustee, the bankruptcy estate, the Debtor, and any person or entity claiming, or who could claim, by, through or on behalf of the Trustee, the bankruptcy estate or the Debtor, shall be and hereby are deemed to have released all claims and are permanently enjoined from asserting or prosecuting any claims related to arising from the Claim. Upon entry of this Order, the Trustee, the bankruptcy estate, the Debtor or anyone making claims by, through and/or on behalf of the Trustee, the bankruptcy estate or the Debtor, shall be and hereby are deemed to have released all claims or causes of action relating to or arising from the Claim, whenever arising, known or unknown.

G. Fees in the amount of $45,366.84 and expenses in the amount of $3,674.68 are hereby allowed for Special Counsel.

H. The Trustee is authorized to and shall pay Special Counsel's fees in the amount of $33,346.06 (calculated after deduction of Special Counsel's share of the MDL Fee) and Special Counsel's costs in the amount of $2,924.68 (calculated after deduction of the Lien Resolution Fee) from the Settlement Funds received by the Trustee on behalf of the estate, provided payment will not prejudice claimants of equal or higher priority.

I. This Order shall be, and hereby is, deemed a final order.

**DATED AND SIGNED ABOVE.**